IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DENNIS WILLIAMS, | § | |
| | § | |
| Defendant Below, | § | No. 425, 2017 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1402014360 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 31, 2017
Decided: November 7, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

This 7th day of November 2017, upon consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1) On October 13, 2017, postconviction counsel ("Postconviction Counsel") for the appellant, Dennis Williams, filed a notice of appeal from a Superior Court order, dated August 22, 2017 and docketed on August 23, 2017, denying Williams' first motion for postconviction relief under Superior Court Criminal Rule 61. Under Supreme Court Rule 6(a)(iv), a timely notice of appeal should have been filed on or before September 22, 2017. On October 16, 2017, the Senior Court Clerk issued a notice directing Postconviction Counsel to show cause

why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6.

(2) In his response to the notice to show cause, Postconviction Counsel stated that he attempted to file a notice of appeal on Williams' behalf on September 19, 2017, but the filing was ineffective and incomplete due to his unfamiliarity with File and Serve. After Postconviction Counsel returned from a two-week vacation, he checked on the status of the appeal and learned the filing was not completed. Postconviction Counsel arranged for an experienced paralegal to file the notice of appeal on October 13, 2017.

(3) At the Court's request, the State filed a reply to Postconviction Counsel's response. The State contends the appeal is untimely and Postconviction Counsel's failure to file a notice of appeal is not attributable to court personnel. Under the circumstances of this case and in the interests of justice, the State suggests remand of this matter to the Superior Court with instructions to re-issue the August 23, 2017 order. This will give Williams the opportunity to pursue a timely appeal.

(4) We agree that the proper course of action is to remand this matter to the Superior Court.[1] Upon remand, the Superior Court should reissue its order denying Williams' motion for postconviction relief so a timely notice of appeal can be filed.

_____

[1] The evident purpose of appointing counsel on a Rule 61 is to ensure effective representation of the client and especially to enable the client to press any litigable *Strickland* claims that could not be pressed directly. Dismissal at this stage would defeat that purpose and also lead to litigation

2

NOW, THEREFORE, IT IS ORDERED that the within matter is

REMANDED to the Superior Court for further action in accordance with this

order.  Jurisdiction is not retained.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice

---

alleging that counsel's admitted failure to follow through and ensure a timely filing constituted ineffective assistance of counsel.